IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JIANYI ZHANG, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No.: SAG-22-02451 |
| APPRISS INC., | * | |
| Defendant. | * | |

* * * * * * * * * * * * *

## MEMORANDUM OPINION

Plaintiff Jianyi Zhang, who is self-represented, filed a Complaint in Maryland state court against Defendant Appriss Inc. ("Appriss") alleging negligence in connection with a search by federal agents of his "Virginia-based business." ECF 4 p. 2 ¶ 1. Appriss removed the case to this Court, ECF 1, and has filed a motion to dismiss the Complaint for several reasons including lack of personal jurisdiction. ECF 10. Plaintiff opposed the motion, ECF 16, and Appriss filed a reply, ECF 23. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, Appriss's motion will be granted in part, insofar as this Court agrees that it lacks personal jurisdiction. In lieu of dismissal, however, the case will be transferred to the United States District Court for the Western District of Kentucky pursuant to 28 U.S.C. § 1631.

## BACKGROUND

These facts are derived from Plaintiff's Complaint, ECF 4. In 2018, Appriss sent incorrect information to the Virginia Prescription Monitoring Program, suggesting that Plaintiff overprescribed opioid painkillers to his patients. *Id.* ¶¶ 1, 6, 19. Based on that incorrect information, federal agents obtained and executed a search warrant at Plaintiff's medical office in Front Royal, Virginia on August 18, 2018. *Id.* ¶¶ 1, 5. Plaintiff lost medications that were seized

from him during the search and suffered damage to his professional reputation, along with mental anguish during the three-year investigation before the case was closed. *Id.* ¶¶ 21, 22.

## STANDARD

Appriss's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(2) challenges this Court's personal jurisdiction to adjudicate Plaintiff's claims.[1] Under Rule 12(b)(2), the burden is "on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989); *see Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 558 (4th Cir. 2014); *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citing *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993)). When "a district court decides a pretrial personal jurisdiction motion without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction." *Carefirst of Md.*, 334 F.3d at 396 (citing *Combs*, 886 F.2d at 676). To determine whether the plaintiff has met this burden, "the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Combs*, 886 F.2d at 676. The court need not "look solely to the plaintiff's proof in drawing" all reasonable inferences in plaintiff's favor and may also look at the defendant's proffered proof and assertions regarding defendant's lack of contacts with the forum state. *Mylan Labs., Inc.*, 2 F.3d at 62. "When the existing record is inadequate to support personal jurisdiction over a defendant, the plaintiff is entitled to jurisdictional discovery if it can demonstrate that such discovery would yield 'additional facts'

---

[1] Appriss's motion also raises several other issues, including Plaintiff's standing to assert claims for losses sustained by his business and whether Plaintiff has stated a plausible claim for negligence. ECF 10. Because this Court lacks personal jurisdiction over Appriss, those issues will be best adjudicated in an appropriate forum.

2

that would 'assist the court in making the jurisdictional determination.'" *FrenchPorte IP, LLC v. Martin Door Mfg., Inc.*, Civil Action No. TDC-14-0295, 2014 WL 4094265, at *5 (D. Md. Aug. 14, 2014) (first quoting *Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005); and then citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (Fed. Cir. 2003) ("[C]ourts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous.")).

To exercise personal jurisdiction over a non-resident defendant, a court must determine that (1) the exercise of jurisdiction is authorized under the state's long-arm statute, pursuant to Federal Rule of Civil Procedure 4(k)(1)(A); and (2) the exercise of jurisdiction conforms to the Fourteenth Amendment's due process requirements. *Carefirst of Md.*, 334 F.3d at 396. When interpreting the reach of Maryland's long-arm statute, a federal district court is bound by the interpretations of the Maryland Court of Appeals. *See Carbone v. Deutsche Bank Nat'l Tr. Co.*, Civil Action No. RDB-15-1963, 2016 WL 4158354, at *5 (D. Md. Aug. 5, 2016); *Snyder v. Hampton Indus., Inc.*, 521 F. Supp. 130, 135-36 (D. Md. 1981), *aff'd*, 758 F.2d 649 (4th Cir. 1985); *see also Mylan Labs.*, 2 F.3d at 61 (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 178 (1938)). Moreover, courts must address both prongs of the personal jurisdiction analysis, despite Maryland courts consistently holding that the state's long-arm statute is coextensive with the limits of personal jurisdiction set out by the due process clause of the Constitution. *Bond v. Messerman*, 895 A.2d 990, 999 (Md. 2006); *see CSR, Ltd. v. Taylor*, 984 A.2d 492, 501 (Md. 2009) (noting that the personal jurisdiction analysis "entails dual considerations"); *Carefirst of Md.*, 334 F.3d at 396.

Under the first prong, the plaintiff must identify a provision in the Maryland long-arm statute that authorizes jurisdiction. *Ottenheimer Publishers, Inc. v. Playmore, Inc.*, 158 F. Supp.

2d 649, 652 (D. Md. 2001). Under the second prong, "due process requires only that . . . a defendant . . . have certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). This "minimum contacts" analysis depends on the number and relationship of a defendant's contacts to the forum state, and whether the present cause of action stems from the defendant's alleged acts or omissions in the forum state. *Id.* at 316-19.

Finally, a court may exercise two types of personal jurisdiction, "general" or "specific." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cnty.*, 137 S. Ct. 1773, 1780 (2017). "General" jurisdiction is a fairly limited concept, since it only arises where "the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against [defendant] on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe*, 326 U.S. at 318. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). In the context of a corporation, the paradigm bases for general jurisdiction are "the place of incorporation and principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). The *Daimler* court clarified that while those paradigms are not necessarily the only bases for general jurisdiction, it would be "unacceptably grasping" to approve the exercise of general jurisdiction wherever a corporation "engages in a substantial, continuous, and systematic course of business." *Id.* at 137-38 (declining to find general jurisdiction lies in every state in which a corporate defendant has "sizable" sales).

"Specific" jurisdiction arises when there is an "affiliation between the forum and the underlying controversy." *Goodyear*, 564 U.S. at 919; *Carefirst of Md.*, 334 F.3d at 397. To assess specific jurisdiction, the Fourth Circuit considers: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009) (quoting *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002)).

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Civil Action No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd* 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1997); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because he is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986); *see also M.D. v. Sch. Bd. of City of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (rejecting self-

represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

## ANALYSIS

Appriss argues that this Court does not have personal jurisdiction over it. ECF 10 at 7-13. Plaintiff does not appear to contend that this Court can exercise specific jurisdiction, as he does not allege any relationship between Maryland and the underlying controversy. The relevant events all occurred in Front Royal, Virginia. Instead, Plaintiff seems to contend that this Court can exercise general jurisdiction. In his Complaint, he alleges, "Defendant functioned in Maryland until July 1, 2019." ECF 4 p. 2 ¶ 1. And in his opposition to the Motion to Dismiss, he further asserts:

> around July 2019, Appriss Inc. purchased PatientPing to rename itself as Bamboo Health, Defendant CEO became Bamboo Health CEO, and the companies [sic] addresses are still the same in Kentucky. Bamboo Health website (https://bamboohealth.com/about/) has business in all 50 states, including Maryland. It is reasonably assumed that Appriss Inc. or its daughter company is still active in Maryland to continue a similar business under a different name.

ECF 16 at 3. Plaintiff contends that this conduct by Appriss satisfies the provision of Maryland's long-arm statute allowing jurisdiction over an entity that "regularly does or solicits business, engages in any other persistent course of conduct in the state or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State." ECF 16 at 3 (quoting Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(4)).

These arguments are unavailing, because Plaintiff has failed to make any showing that this Court's exercise of general jurisdiction over Appriss would comport with due process. First of all, even if the allegations about Bamboo Health had been included in the Complaint, the fact that a successor company from 2019 "has business" in Maryland would not support general jurisdiction in this state. *See Daimler*, 571 U.S. at 137-39 (holding that "a substantial, continuous, and

systematic course of business" in a state cannot, alone, support general jurisdiction). Second, the only relevant allegation in the Complaint is "Defendant functioned in Maryland until July 1, 2019." That an entity "functioned" in a state similarly does not suffice to show the type of "domicile-equivalence" required to establish general jurisdiction.

While this Court lacks personal jurisdiction, it disagrees with Appriss that dismissal is the appropriate remedy. Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction over a civil action "shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed." This Court finds such transfer, in lieu of dismissal, to be in the interest of justice here, where the case was filed by a self-represented plaintiff and relates to somewhat dated conduct potentially implicating limitations issues. *See United States v. 255.21 Acres in Anne Arundel Cnty., Md.*, 722 F. Supp. 235, 242 (D. Md. 1981) (finding a transfer was in the interest of justice where "factual questions remain[ed] . . . as to when the applicable statute of limitations will run, if indeed it has not already run"); *Varieur v. BIS Global*, Civ. No. PX 16-3111, 2017 WL 4387054, at *3 (D. Md. Oct. 7, 2017). Although Plaintiff has expressed a desire to have his case transferred to the Eastern District of Virginia, ECF 26, this Court is unpersuaded that this action could have been brought in that venue. Plaintiff's business was located in Front Royal, Virginia, which is in the Harrisonburg Division of the Western District of Virginia. Moreover, the record does not establish Appriss's contacts with Virginia in a way suggesting that a court in Virginia could appropriately exercise personal jurisdiction over Appriss in this case. Because Appriss's domicile is Kentucky, transfer to the Western District of Kentucky ensures a tribunal that can proceed to the merits of the parties' dispute.

## CONCLUSION

For the reasons stated herein, Appriss's Motion to Dismiss, ECF 10, will be granted in part, insofar as it argues that this Court lacks personal jurisdiction. This case will be transferred to the Western District of Kentucky pursuant to 28 U.S.C. § 1631. Plaintiff's separate motion to dismiss, ECF 24, and motion to amend, ECF 29, will be denied without prejudice. Plaintiff may of course refile these motions in a court with proper jurisdiction. The case in this Court will be closed.


Dated: November 29, 2022                             /s/
                                                                 Stephanie A. Gallagher
                                                                 United States District Judge